**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WESTWIND MERANTO, LLC, a Nevada limited liability company,<br><br>   Plaintiff - Appellant,<br><br>   v.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver on behalf of Silver State Bank,<br><br>   Defendant - Appellee. | No. 12-15962<br><br>D.C. No. 2:11-cv-01812-PMP-VCF<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Philip M. Pro, Senior District Judge, Presiding

Submitted April 9, 2014[**]
San Francisco, California

Before: SILVERMAN, W. FLETCHER, and BYBEE, Circuit Judges.

   Westwind Meranto, LLC, filed this declaratory judgment action seeking

various forms of relief. The district court dismissed the action for lack of subject

---

   [*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

   [**]   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

matter jurisdiction. "Our review of the district court's dismissal under Rule 12(b)(1) or Rule 12(b)(6) is *de novo*." *Pride v. Correa*, 719 F.3d 1130, 1133 (9th Cir. 2013). We affirm.

Westwind failed to exhaust the FDIC's mandatory administrative claims process. *Intercontinental Travel Mktg., Inc. v. FDIC*, 45 F.3d 1278, 1282 (9th Cir. 1994) ("No court has jurisdiction over [a] claim until the exhaustion of this administrative process."). The FDIC published notice that any claim against Silver State Bank must be submitted in writing by the claims bar date of December 10, 2008. Westwind received notice of the receivership before the claims bar date. And although Westwind filed suit in state court against Silver State Bank on October 23, 2008, it did not submit a claim to the FDIC until July 11, 2011, more than two and a half years after the claims bar date. Therefore, we lack subject matter jurisdiction over Westwind's claims. *Id.* at 1284 ("We read the claims bar date to be a jurisdictional requirement.").

Westwind's failure to exhaust cannot be excused by the FDIC's failure to mail notice, the FDIC's decision to publish in newspapers rather than on its website or in a press release, or Westwind's contention that the FDIC knew or should have known about its claim based on the state court action. *Id.* at 1284–86;

*see also* 12 U.S.C. § 1821(d)(3). Finally, Westwind has not alleged affirmative misconduct or intentional disregard of the mail notice requirement. *Id*. at 1285.

**AFFIRMED.**