**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RICK ALLEN, | No. 12-17834 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-01920-JAM-CKD |
| v. | |
| KAISER PERMANENTE, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted July 22, 2014[**]

Before:     GOODWIN, CANBY, and CALLAHAN, Circuit Judges.

Rick Allen appeals pro se from the district court's judgment dismissing his employment action arising out of his placement on indefinite administrative leave. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(1) or 12(b)(6). *Pride v. Correa*, 719

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

F.3d 1130, 1133 (9th Cir. 2013).  We affirm.

The district court properly dismissed Allen's state law retaliation claim for lack of federal subject matter jurisdiction because the National Labor Relations Board retains exclusive jurisdiction over claims for unfair labor practices.  *See* 29 U.S.C. § 158(a)(1), (3) (prohibiting discharge or termination of employees due to their union membership and activities as "unfair labor practices"); *Kaiser Steel Corp. v. Mullins*, 455 U.S. 72, 83 (1982) ("As a general rule, federal courts do not have jurisdiction over activity which 'is arguably subject to § 7 or § 8 of the [National Labor Relations Act ("NLRA")],' and they 'must defer to the exclusive competence of the National Labor Relations Board.'" (quoting *San Diego Bldg. Trades Council v. Garmon*, 359 U.S. 236, 245 (1959))).

The district court properly concluded that Allen's state law claims for wrongful discharge, slander, and intentional infliction of emotional distress were preempted by Section 301 of the Labor Management Relations Act ("LMRA").  *See Cramer v. Consol. Freightways, Inc.*, 255 F.3d 683, 693 (9th Cir. 2001) (A state law claim is preempted by § 301 of the LMRA when it "necessarily requires the court to interpret an existing provision of a [collective bargaining agreement] that can reasonably be said to be relevant to the resolution of the dispute.").

The district court properly concluded that Allen's wrongful discharge, slander, and intentional infliction of emotional distress claims, as preempted by § 301, were barred by the applicable six-month statute of limitations. *See DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 155 (1983) (applying six-month statute of limitations period found in § 10(b) of the NLRA to hybrid § 301 claims).

The district court did not abuse its discretion in denying Allen leave to amend because amendment would have been futile. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (setting forth standard of review).

Defendant's request to strike evidence that was not part of the district court record, set forth in its answering brief, is granted.

**AFFIRMED**.