**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAYMOND EUGENE PEYTON, | No. 13-56405 |
| Plaintiff - Appellant, | D.C. No. 5:13-cv-00424-RGK-JPR |
| v. | |
| EDMUND G. BROWN, Jr., individual and official capacity; et al., | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted August 13, 2014**

Before:    SCHROEDER, THOMAS, and HURWITZ, Circuit Judges.

California state prisoner Raymond Eugene Peyton appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging Eighth

Amendment claims related to prison overcrowding.  We have jurisdiction under 28

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1291. We review de novo. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (dismissal under 28 U.S.C. § 1915A); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissal under 28 U.S.C. § 1915(e)(2)). We affirm in part, vacate in part, and remand.

The district court properly dismissed Peyton's claims against defendant Schwartz for sentencing Peyton to an overcrowded California state prison because Schwartz is entitled to absolute judicial immunity for judicial actions taken in an official capacity. *See Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc). While such immunity does not extend to actions for prospective injunctive relief, Peyton's claim is barred because the relief he seeks—release from an unauthorized sentence—is not available under § 1983. *See Heck v. Humphrey*, 512 U.S. 477, 486-87, 489 (1994) (precluding § 1983 claims which, if successful, "would necessarily imply the invalidity" of an inmate's conviction or sentence).

The district court properly dismissed Peyton's claims against defendants Brown and Beard because Peyton failed to allege facts demonstrating that they personally participated in, directed, or knowingly failed to prevent the alleged deprivations at issue. *See Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (setting forth requirements for establishing supervisory liability under § 1983); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982) (liberal

interpretation of a pro se complaint may not supply essential elements of a claim that were not pled). Moreover, the decision in *Brown v. Plata*, 131 S.Ct. 1910, 1946-47 (2011), requiring the State of California to reduce prison overcrowding to improve mental health and medical services to inmates, does not give Peyton cognizable claims for immediate or temporary supervised release merely because he also alleges deprivations arising from prison overcrowding. *Cf., e.g., Pride v. Correa*, 719 F.3d 1130, 1136-37 (9th Cir. 2013) (state may invoke *Plata* to preclude duplicative actions for systemic relief, but inmates seeking individual medical care must proceed as usual under § 1983); *see also Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (when a state prisoner seeks immediate or speedier release, his sole federal remedy is a writ of habeas corpus).

However, the district court should have provided Peyton another opportunity to amend his claims regarding the allegedly inhumane conditions of his confinement. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam) ("Unless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend."). Accordingly, we vacate dismissal without leave to amend of these claims solely to allow Peyton to allege facts in support of his claims and name the correct defendants who participated in or failed to prevent the alleged

constitutional violations at issue.

Peyton's request for judicial notice, filed on February 26, 2014, is denied.

**AFFIRMED in part, VACATED in part, and REMANDED.**