FILED

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

DEC 08 2014

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STEPHEN B. TURNER, | No. 13-16903 |
| Plaintiff - Appellant, | D.C. No. 3:13-cv-01940-CRB |
| v. | |
| EDMUND G. BROWN, JR.; STATE OF CALIFORNIA, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Submitted November 18, 2014[**]

Before:     LEAVY, FISHER, and N.R. SMITH, Circuit Judges.

Stephen B. Turner appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action alleging that section 2054 of the California

Business and Professions Code is unconstitutional and violates his First

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Amendment right to free speech.  We have jurisdiction under 28 U.S.C. § 1291.

We review de novo a dismissal under Fed. R. Civ. P. 12(b)(1) and 12(b)(6).  *Pride v. Correa*, 719 F.3d 1130, 1133 (9th Cir. 2013).  We affirm.

The district court properly dismissed Turner's action because Turner's claims are not ripe for review where the statute has not been applied to him, and it is speculative that it will be applied to him.  *See Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1139 (9th Cir. 2000) (en banc) (in First Amendment context, courts consider "whether the prosecuting authorities have communicated a specific warning or threat to initiate proceedings, and the history of past prosecution or enforcement under the challenged statute").

**AFFIRMED.**

13-16903