NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 1 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EDWARD BENTON, | No. 13-56356 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-07735-MMM-MRW |
| v. | |
| BAKER HUGHES, a Texas Corporation; BAKER PETROLITE, a Texas Corporation, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Margaret M. Morrow, District Judge, Presiding

Submitted November 18, 2015[**]

Before:   TASHIMA, OWENS, and FRIEDLAND, Circuit Judges.

Edward Benton appeals pro se from the district court's judgment in his

diversity action alleging state law contract and tort claims in connection with

his chemical transportation business.  We have jurisdiction under 28 U.S.C.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1291. We review de novo a district court's dismissal for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Pride v. Correa*, 719 F.3d 1130, 1133 (9th Cir. 2013). We affirm.

The district court properly dismissed Benton's breach of an implied-in-fact contract claim because Benton failed to allege facts sufficient to show the existence of a valid contract. *See* Cal. Civ. Code §§ 1549, 1550, 1621 (defining a contract and an implied contract, and setting forth the elements of a contract); *Amelco Elec. v. City of Thousand Oaks*, 38 P.3d 1120, 1129-30 (Cal. 2002) (elements of a breach of contract claim under California law); *see also Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (courts need not accept as true allegations contradicted by exhibits to the complaint).

The district court properly dismissed Benton's intentional infliction of emotional distress ("IIED") claim because Benton failed to allege facts sufficient to show that defendants acted with intent to cause or reckless disregard of the probability of causing emotional distress. *See Avina v. United States*, 681 F.3d 1127, 1131 (9th Cir. 2012) (elements of an IIED claim under California law).

Because we affirm on the above bases, we do not consider Benton's

13-56356

arguments concerning the timeliness of his claims.

We reject Benton's contention that the district court erred by giving him only 30 days to retain counsel, and defendants' contention that this court lacks jurisdiction over this appeal.

We do not consider issues that are not supported by argument or clearly and distinctly raised in the opening brief. *See Pierce v. Multnomah County, Or.*, 76 F.3d 1032, 1037 n.3 (9th Cir. 1996) (issues not supported by argument in pro se brief are deemed abandoned); *Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994) ("We review only issues which are argued specifically and distinctly in a party's opening brief.").

**AFFIRMED.**