**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 14 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PUNAOFO TSUGITO TILEI, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, <br><br> Defendant - Appellee. | No. 13-15909 <br><br> D.C. No. 4:12-cv-01688-PJH <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, Chief District Judge, Presiding

Argued and Submitted February 10, 2016
San Francisco, California

Before: THOMAS, Chief Judge and SCHROEDER and NGUYEN, Circuit Judges.

Punaofo Tilei appeals the district court's dismissal of his 28 U.S.C. § 1983

lawsuit and the denial of his request for the appointment of pro bono counsel. We

have jurisdiction over the district court's final order of dismissal pursuant to 28

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

U.S.C. § 1291.  *See Sanford v. Motts*, 258 F.3d 1117, 1119 (9th Cir. 2001) (noting that the dismissal of an action without prejudice, rather than a complaint, can serve as a final order of dismissal).  We review the district court's dismissal of a complaint de novo, *Hamilton v. Brown*, 630 F.3d 889, 892 (9th Cir. 2011), and the denial of a motion to appoint counsel pursuant to 28 U.S.C. § 1915(e)(1) for abuse of discretion, *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).  We affirm in part, reverse in part, and remand.

## I

The district court correctly dismissed Tilei's claims for damages under the Eleventh Amendment, which bars suits against state agencies such as the California Department of Corrections and Rehabilitation.  *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

## II

After the district court issued its final order of dismissal, we held that a prisoner's membership in the *Brown v. Plata* class does not bar claims for injunctive relief where, like here, those claims relate solely to individual medical care and treatment.  *See Pride v. Correa*, 719 F.3d 1130, 1136–37 (9th Cir. 2013).  We therefore vacate the district court's order dismissing Tilei's claims for

injunctive relief, and remand for reconsideration in light of *Pride v. Correa*, 719 F.3d 1130 (9th Cir. 2013).

## III

The district court erred when it concluded that Tilei's medical condition was not relevant to the appointment of pro bono counsel. Counsel should only be appointed under 28 U.S.C. § 1915(e)(1) in "exceptional circumstances." *Terrell*, 935 F.2d at 1017. The district court was correct to consider both Tilei's likelihood of success on the merits and ability to articulate his claims pro se in light of the complexity of the legal issues involved, but "neither of th[o]se factors is dispositive." *See id.* Rather, in determining whether exceptional circumstances warrant the appointment of counsel, the district court should consider both the "characteristics of the claim *and* the litigant." *See McElyea v. Babbitt*, 833 F.2d 196, 199 n.3 (9th Cir. 1987) (per curiam) (emphasis added) (citation omitted). Here, Tilei's medical condition is a relevant characteristic that the district court

should consider on remand as a part of the exceptional circumstance analysis. We

do not pre-judge the outcome of that inquiry.[1]

Each side shall bear its own costs.

**AFFIRMED in part, VACATED in part.**

---

[1] We deny the motion for judicial notice, as Tilei's court records do not conclusively establish his ability to file an amended complaint. *Flick v. Liberty Mut. Fire Ins. Co.*, 205 F.3d 386, 392 n. 7 (9th Cir. 2000) (noting that it is "rarely appropriate for an appellate court to take judicial notice of facts that were not before the district court").