**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 26 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RAYMOND EUGENE PEYTON, | No. 15-55968 |
| Plaintiff-Appellant, | D.C. No. 5:13-cv-00424-RGK-JPR |
| v. | |
| DAVE DAVEY, Warden; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted August 16, 2016[**]

Before:     O'SCANNLAIN, LEAVY, and CLIFTON, Circuit Judges.

California state prisoner Raymond Eugene Peyton appeals pro se from the

district court's judgment dismissing for failure to prosecute his 42 U.S.C. § 1983

action alleging Eighth Amendment claims related to prison overcrowding. We

have jurisdiction under 28 U.S.C. § 1291. We review for abuse of discretion. *Al-*

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Torki v. Kaempen*, 78 F.3d 1381, 1384 (9th Cir. 1996).  We vacate and remand.

The district court dismissed the action with prejudice for failure to prosecute because it found that Peyton failed to file a third amended complaint by the deadline set in the April 14, 2015 order.  On appeal, Peyton argues that he did not receive the April 14, 2015 order until over three weeks after the deadline for filing a third amended complaint had passed.  Peyton has submitted documents to this court in support of this argument.  Accordingly, we vacate the judgment and remand to the district court to allow it to consider Peyton's explanation and documents in the first instance.  *See Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (per curiam) (setting forth five factors to weigh in determining whether to dismiss action for lack of prosecution).

We express no opinion on the merits of the claims in Peyton's second amended complaint.

We do not consider Peyton's contentions regarding his first amended complaint or his claims against defendant Schwartz, which were addressed in a prior appeal.  *See Peyton v. Brown*, 584 F. App'x 603, 604 (9th Cir. 2014).

Peyton's April 7, 2016 motion to substitute party is denied without prejudice to renewal in the district court.

Peyton's July 28, 2016 motion for summary affirmance is denied as moot.

**VACATED and REMANDED.**