**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SANTIAGO SOTO, | No. 15-16519 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-00780-EFB |
| v. | |
| JACK GARNER, Presiding Commissioner, CDC; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Edmund F. Brennan, Magistrate Judge, Presiding[**]

Submitted November 16, 2016 [***]

Before:    LEAVY, BERZON, and MURGUIA, Circuit Judges.

California state prisoner Santiago Soto appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging constitutional

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     Soto consented to proceed before a magistrate judge.  *See* 28 U.S.C. § 636(c).

[***]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

violations in connection with the denial of parole. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915A. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). We may affirm on any basis supported by the record. *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1121 (9th Cir. 2013). We affirm.

To the extent that Soto challenged the denial of parole, such a claim must be brought in a habeas petition because success on the claim would necessarily mean immediate release or a shorter duration of incarceration. *See Wilkinson v. Dotson*, 544 U.S. 74, 79 (2005) (explaining that § 1983 action is proper only if success would not "necessarily have meant immediate release or a shorter period of incarceration").

The district court properly dismissed Soto's procedural due process claim because the allegations in Soto's complaint show that he received adequate process, as he "was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied." *Swarthout v. Cooke*, 562 U.S. 216, 220 (2011).

The district court properly dismissed Soto's claim for equitable relief under the Ex Post Facto Clause because it duplicates the allegations and prayer for relief in *Gilman v. Brown*, No. Civ. 2:05-cv-00830-MCE-CKD (E.D. Cal.), alleging that

Proposition 9 violates the Ex Post Facto Clause. *See Pride v. Correa*, 719 F.3d 1130, 1133 (9th Cir. 2013) ("[A] district court may dismiss those portions of the complaint which duplicate the class action's allegations and prayer for relief." (citation, internal quotation marks, and alterations omitted)).

The district court did not abuse its discretion by dismissing the complaint without granting leave to amend because amendment would be futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**