NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

DEC 05 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MUHAMMAD FAISAL ASHFAQUE, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General; et al., <br><br> Defendants-Appellees. | No. 18-56084 <br><br> D.C. No. 2:16-cv-09059-PSG-SS <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Argued and Submitted November 5, 2019
Pasadena, California

Before: FARRIS, McKEOWN, and PARKER,** Circuit Judges.

Petitioner Ashfaque sought lawful permanent residency under 8 U.S.C. §

1159(b). His request for adjustment of status was denied. Ashfaque sought review

in federal court. The District Court dismissed his claim for lack of jurisdiction.

_____

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The Honorable Barrington D. Parker, Jr., United States Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

We review the District Court's dismissal for lack of subject matter jurisdiction de novo. *Pride v. Correa*, 719 F.3d 1130, 1133 (9th Cir. 2013). We affirm.

The APA provides an avenue for judicial review of the denial of certain immigration benefits, *see, e.g.*, *Perez Perez v. Wolf*, No. 18-35123, 2019 WL 6224421 (9th Cir. 2019), but 8 U.S.C. § 1252(a)(2)(B)(ii) precludes judicial review of any decision or action "the authority for which [the INA specifies] to be in the discretion of the Attorney General or the Secretary of Homeland Security." The District Court erroneously relied on 8 U.S.C. § 1252(a)(2)(B)(i), which precludes review of discretionary decisions taken in the context of certain enumerated forms of immigration relief. That section does not incorporate § 1159(b), the provision at issue in this case, and all parties agree that § 1252(a)(2)(B)(i) does not apply here. Nevertheless, because we hold that the District Court lacked jurisdiction because of subclause (ii), the District Court's misplaced reliance on subclause (i) is irrelevant to this appeal. Notwithstanding § 1252(a)(2)(B)(ii), no statute "preclud[es] review of constitutional claims or questions of law" that arise in the context of such discretionary determinations. *Id.* § 1252(a)(2)(D); *see also Mamigonian v. Biggs*, 710 F.3d 936, 945 (9th Cir. 2013).

The relief sought by Ashfaque—adjustment of status for asylees—was ultimately discretionary. *See* 8 U.S.C. § 1159(b) (providing that the Secretary of

2

Homeland Security or the Attorney General "may," "in [their] discretion and under such regulations as [they] may prescribe," adjust the status of an alien who meets enumerated statutory criteria); *see also Diego v. Sessions*, 857 F.3d 1005, 1011 (9th Cir. 2017) (holding that § 1252(a)(2)(B)(ii) bars review of "any discretionary aspect of the agency's decision to deny Diego's application for adjustment of status . . . under 8 U.S.C. § 1159(b)"). Although Ashfaque styles his challenge as one involving legal error, the District Court correctly determined that USCIS's discretionary denial was free of the legal error alleged and thus immune from review.

USCIS denied the application on two separate grounds, each of which is independently sufficient. First, USCIS found Ashfaque "inadmissible under [8 U.S.C. § 1182(a)(3)(B)(i)(I)] for having engaged in terrorist activities as defined by [8 U.S.C. § 1182(a)(3)(B)(iv)(VI)(dd)] . . . ." Second, USCIS stated that "[i]n the alternative, [Ashfaque's] application is being denied in the exercise of discretion due to [his] failure to respond to the request for information about the circumstances of [his] underlying arrest." Ashfaque claims that USCIS's discretionary determination was the product of legal error for two reasons. First, Ashfaque points out that he did respond to USCIS's request for information. Second, Ashfaque claims that USCIS committed legal error by defying binding

agency precedent and improperly relying on disputed and uncorroborated accusations of criminal conduct that did not result in criminal convictions. *See In re Arreguin de Rodriguez*, 21 I. & N. Dec. 38, 42 (BIA 1995) (explaining that adjudicators should generally not "give substantial weight to an arrest report, absent a conviction or corroborating evidence of the allegations"). Although Ashfaque was charged with willful cruelty to a child, inflicting injury upon a child, and dissuading a witness in 2004, the prosecutor dropped those charges and Ashfaque was eventually convicted only of disturbing the peace, a misdemeanor violation of California Penal Code § 415.

Both of Ashfaque's claims fail for the same reason—Ashfaque did not adequately respond to USCIS's request for "an explanation and a description of the circumstances surrounding [his] arrest and conviction." Ashfaque responded to the request by submitting minute orders from his criminal case in California state court and legal analysis arguing that his conviction did not constitute a crime involving moral turpitude and should not justify the denial of his application on discretionary grounds. But Ashfaque did not provide what USCIS specifically requested—an "explanation and a description of the *circumstances surrounding*" his arrest. USCIS was permitted to request such an explanation in order to inform its discretionary determination. *See, e.g.*, *Matter of Thomas*, 21 I. & N. Dec. 20, 23

4

(BIA 1995) (explaining that the BIA may "consider evidence of unfavorable conduct, including criminal conduct which has not culminated in a final conviction"). As a corollary, USCIS was permitted to deny Ashfaque's application for failing to provide it.

We therefore reject Ashfaque's claim of legal error. USCIS denied Ashfaque's application because he failed to provide USCIS with the information it specifically requested—information that the agency needed as a prerequisite to weighing the relative significance of the evidence in the record. USCIS's decision was discretionary and not predicated on legal error, and is thus immune from review in the federal courts under 8 U.S.C. § 1252(a)(2)(B)(ii).

Ashfaque failed to plausibly allege a colorable legal or constitutional error. The District Court's dismissal for lack of jurisdiction is

**AFFIRMED.**