**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1285
_____

ROLAND GRAHAM; CESAR SAEZ; CHARLES GREEN, Lieutenant; FERNANDO
MIRAYE; ANTWON RICHARD; DURWARD ALLEN; DOUG WEISER; ANDRE DAVIS;
NAFECE MARTIN; WYKEEM BAS

ROLAND GRAHAM,
                                                        Appellant

v.

DEPARTMENT OF THE TREASURY INTERNAL REVENUE SERVICE
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:21-cv-01411)
District Judge:  Honorable Gerald J. Pappert
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 21, 2023

Before: JORDAN, GREENAWAY, JR., and NYGAARD, <u>Circuit Judges</u>

(Opinion filed May 23, 2023)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Roland Graham, a Pennsylvania prisoner, appeals pro se from an order of the United States District Court for the Eastern District of Pennsylvania dismissing, for lack of standing, a complaint brought against the Internal Revenue Service (IRS) seeking COVID-19 stimulus payments under the Coronavirus Aid, Relief, and Economic Security Act of 2020 (the "CARES Act"). For the following reasons, we will affirm in part, vacate in part, and remand the matter to the District Court for further proceedings.

In his complaint, Graham alleged that the IRS "cannot deny economic impact payments" (EIPs) under the CARES Act to incarcerated individuals.[1] (ECF 2, at 4.) He sought an order directing the IRS "to immediately release 3 stimulus checks." (Id. at 6.) In support of his claim, Graham relied on Scholl v. Mnuchin, 494 F. Supp. 3d 661, 687 (N.D. Cal. 2020), where the district court, in a class action, concluded that the CARES Act's definition of "eligible individual" included incarcerated individuals. (ECF 2, at 1.)

The District Court assumed without deciding that the United States had waived its sovereign immunity for claims under the CARES Act and that a person seeking payment under that Act need not exhaust administrative remedies by first filing a claim with the

---

[1] The complaint named additional prisoner-plaintiffs, but the District Court dismissed those individuals without prejudice because they failed to pay the fees or submit applications to proceed IFP. (ECF 36.) Any attempt by Graham to challenge the dismissal of the other plaintiffs lacks merit. Those plaintiffs did not file notices of appeal and it is well-settled that non-lawyers may not represent third parties in federal court. Osei-Afriyie ex rel. Osei-Afriyie v. Med. Coll. of Pa., 937 F.2d 876, 882-83 (3d Cir. 1991).

IRS.  (ECF 38, at 4-5.)  Nevertheless, the District Court held that Graham lacked standing:  "Graham has not established that he has suffered an injury or will suffer an injury if the Court does not address his claims because the CARES Act did not grant an eligible individual a right to an immediate economic impact payment."  (Id. at 6.)  According to the District Court, Graham's "claim to an economic impact payment would not be infringed upon unless and until he files his 2020 tax return and is denied the payment by the IRS."  (Id.)  By order entered November 17, 2021, the District Court sua sponte dismissed the complaint without prejudice for lack of standing.[2]  Graham appealed.[3]  (ECF 45.)  He also filed a motion for recusal of the District Court judge.  (ECF 45.)  The District Court rejected that motion (ECF 46), as it had done with an earlier-filed recusal motion.[4]  (ECF 18; 25.)

---

[2] Although the District Court cited 28 U.S.C. § 1915(e)(2)(B)(ii), which pertains to dismissals for failure to state a claim on which relief may be granted, it clearly concluded that Graham's lack of standing deprived it of jurisdiction.  (ECF 38, at 6.)

[3] Where, as here, a United States agency is a party to the case, a litigant generally must file his notice of appeal within 60 days of the entry of the final order being appealed.  See Fed. R. App. P. 4(a)(1)(B).  Graham did not file his notice of appeal within 60 days of the entry of the District Court's order of November 17, 2021.  But this appeal is nevertheless timely because the District Court reopened the time to appeal pursuant to Federal Rule of Appellate Procedure 4(a)(6), and Graham filed a notice of appeal before the expiration of the 14-day reopening period authorized by Rule 4(a)(6).

[4] There was no abuse of discretion in the District Court's denial of Graham's recusal motions, which primarily were based on allegedly unfavorable rulings.  Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000).

3

We have jurisdiction pursuant to 28 U.S.C. § 1291,[5] and our review of a dismissal for a lack of standing is plenary. See Goode v. City of Philadelphia, 539 F.3d 311, 316 (3d Cir. 2008).

In a non-precedential opinion, we vacated a district court's dismissal order, like the one here, that was based on a determination that the plaintiff lacked standing to challenge the denial of EIPs under the CARES Act because he had not submitted a tax return before filing suit. Morton v. United States Virgin Islands, No. 21-1292, 2021 WL 6137867, at *2-3 (3d Cir. Dec. 29, 2021) (not precedential). We explained that the possibility that the plaintiff "did not file a tax return before suing … bear[s] on the merits of [his] claims rather than whether he had standing to bring them." Id. at *3. We concluded that those "arguments [are] for a motion to dismiss for failure to state a claim, not a motion to dismiss for lack of subject matter jurisdiction." Id. Accordingly, we remanded the matter for further proceedings. Id.

Based on the reasoning in Morton, we conclude that the District Court here erred in sua sponte dismissing the complaint for lack of standing. The IRS maintains, however, that "the District Court correctly dismissed the complaint, even if for different reasons than the one it relied on." Appellee's Br., 22. In particular, the IRS asserts that

---

[5] Although the District Court dismissed the complaint without prejudice, we conclude that Graham has elected to stand on the complaint. See Borelli v. City of Reading, 532 F.2d 950, 951-52 (3d Cir. 1976) (per curiam).

4

Graham's claims for monetary relief[6] are "foreclosed because [he] has not alleged that he filed a 2020 tax return (and in fact, he has not filed one) or an administrative claim for refund or credit of the amounts allowed by the CARES Act." Appellee's Br., at 27-28. We acknowledge, of course, that we may affirm on any basis supported by the record. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam). But we disfavor dismissing a complaint without giving a pro se litigant an opportunity to amend. See Grayson v. Mayview State Hosp., 293 F.3d 103, 106 (3d Cir. 2002). Here, it is not clear that leave to amend would be futile. Although the IRS asserts that Graham has not filed a 2020 tax return or an administrative claim for a refund or credit, see Appellee's Br., 17, the evaluation of those contentions, which are fact-contingent, must be made by the District Court in the first instance.[7] See Sewak v. I.N.S., 900 F.2d 667, 673 (3d Cir. 1990) ("As an appellate court we do not take testimony, hear evidence or determine disputed facts in the first instance. Instead, we rely upon a record developed in those fora that do take evidence and find facts.").

---

[6] We agree with the IRS that, to the extent that Graham sought a declaration that the IRS may not withhold EIPs based solely on his incarcerated status, his claims were properly dismissed because the relief he requested duplicated the relief granted by the class action in Scholl. Appellee's Br., at 27; see also Pride v. Correa, 719 F.3d 1130, 1133 (9th Cir. 2013) (recognizing that a district court may dismiss individual claims that duplicate a class action's allegations and prayer for relief).

[7] The IRS also argues that "no more EIPs may now be issued" because the CARES Act "imposed a deadline of December 31, 2020 for the IRS to issue advance payments of refunds …." Appellee's Br., 17. But the IRS acknowledges that after December 31, 2020, the amount of the EIP is still "allowable as a recovery rebate credit against a taxpayer's 2020 income tax." Id. at 24.

For the foregoing reasons, we will affirm in part, vacate in part, and remand to the District Court for further proceedings consistent with this opinion.[8]

---

[8] Graham's numerous outstanding motions are denied.